PHILLIP A. TALBERT
United States Attorney
ELLIOT C. WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-cr-0286-DC |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: MARCH 7, 2025 |
| | TIME: 9:30 A.M. |
| WILLIAM CARL JACKSON, | COURT: Hon. DENA COGGINS |
| Defendant. | |

## I.    **INTRODUCTION**

**A.    Scope of Agreement.**

The indictment in this case charges the defendant with violation(s) of 18 U.S.C. § 2114(a) – Robbery of Mail Matter and 18 U.S.C. § 1704 – Possession of Mail Lock or Key. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.    Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

1  concerning the criminal activities of defendant, including activities which may not have been charged in

2  the indictment.  The Court is under no obligation to accept any recommendations made by the

3  government, and the Court may in its discretion impose any sentence it deems appropriate up to and

4  including the statutory maximum stated in this plea agreement.

5       If the Court should impose any sentence up to the maximum established by the statute, the

6  defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all

7  of the obligations under this plea agreement.  The defendant understands that neither the prosecutor,

8  defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will

9  receive.

10                **II.**     **DEFENDANT'S OBLIGATIONS**

11     **A.**    **Guilty Plea.**

12       The defendant will plead guilty to count two of the indictment, which charges a violation of 18

13  U.S.C. § 2114(a) – Robbery of Mail Matter.  The defendant agrees that he is in fact guilty of this charge

14  and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

15       The defendant agrees that this plea agreement will be filed with the Court and become a part of

16  the record of the case.  The defendant understands and agrees that he will not be allowed to withdraw his

17  plea(s) should the Court not follow the government's sentencing recommendations.

18       The defendant agrees that the statements made by him in signing this Agreement, including the

19  factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by

20  the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

21  guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f)

22  and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this

23  Agreement generally.

24     **B.**    **Restitution.**

25       The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of

26  certain offenses.  The defendant agrees the conduct to which he is pleading guilty requires mandatory

27  restitution pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), and agrees to pay restitution to PERSON 1 and

28  PERSON 2 for the total loss they sustained in an amount between $0 and $10,000.

Restitution payments shall be by cashier's or certified check made payable to the Clerk of the Court.

Defendant agrees that all criminal monetary penalties imposed by the court, including restitution, will be due in full immediately at time of sentencing and subject to immediate enforcement by the government. Defendant agrees that any payment schedule or plan set by the court is merely a minimum and does not foreclose the United States from collecting all criminal monetary penalties at any time through all available means.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

Defendant shall not sell, encumber, transfer, convey, or otherwise dispose of any of his assets without prior written consent of the United States Attorney, except that the defendant may sell, transfer or convey personal property (including used vehicles and personal items, but not financial instruments, ownership interests in business entities or real property) with an aggregate value of less than $5,000.

**C.    Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine.

**D.    Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.

**E.    Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its

representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

PLEA AGREEMENT

4

**F.**    **Asset Disclosure.**

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Disclosure Statement" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation.  The defendant also agrees to have the Court enter an order to that effect.  The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's Office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

Defendant expressly authorizes the United States to immediately obtain a credit report to evaluate defendant's ability to satisfy any monetary penalty imposed by the court.  Defendant also authorizes the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

### III.    THE GOVERNMENT'S OBLIGATIONS

**A.**    **Dismissals/Other Charges.**

The government agrees not to bring any other charges arising from the conduct outlined in the Factual Basis attached hereto as Exhibit A.  The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

**B.**    **Recommendations.**

1.    Incarceration Range.

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range as determined by the Court.

2.    Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. §

3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C.      Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court.  The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.      ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty, that is, robbery of mail matter in violation of 18 U.S.C. § 2114(a):

> (1) that the defendant intentionally took or attempted to take from a postal carrier any mail matter or any property of the United States then in the lawful charge, control, or custody of that person;
>
> (2) that the defendant took the property against the victim's will, by means of force and violence or by means of intimidation, and;
>
> (3) while committing or attempting to commit the robbery, the defendant jeopardized the life of the postal carrier by using a dangerous weapon.

The defendant fully understands the nature and elements of the crime charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

### V.      MAXIMUM SENTENCE

### A.      Maximum Penalty.

The maximum sentence that the Court can impose is 25 years of incarceration, a fine of $250,000, a five-year period of supervised release and a special assessment of $100.  By signing this

1    plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full

2    loss caused by the defendant's wrongful conduct.  The defendant agrees that the restitution order is not

3    restricted to the amounts alleged in the specific count(s) to which he is pleading guilty.  The defendant

4    further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy

5    proceeding any restitution imposed by the Court.

6         **B.    Violations of Supervised Release.**

7         The defendant understands that if he violates a condition of supervised release at any time during

8    the term of supervised release, the Court may revoke the term of supervised release and require the

9    defendant to serve up to three additional years imprisonment.

10         **VI.    SENTENCING DETERMINATION**

11    **A.    Statutory Authority.**

12         The defendant understands that the Court must consult the Federal Sentencing Guidelines and

13    must take them into account when determining a final sentence.  The defendant understands that the

14    Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the

15    Sentencing Guidelines and must take them into account when determining a final sentence.  The

16    defendant further understands that the Court will consider whether there is a basis for departure from the

17    guideline sentencing range (either above or below the guideline sentencing range) because there exists

18    an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into

19    consideration by the Sentencing Commission in formulating the Guidelines.  The defendant further

20    understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

21    impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

22    **B.    Estimated Guideline Calculation.**

23         The government and the defendant agree that the following is their present best estimate of the

24    sentencing guidelines variables.  These estimates shall not be binding on the Court, the Probation Office,

25    or the parties:

26         1.    Base Offense Level:  20 (U.S.S.G. § 2B3.1(a))

27         2.    Specific Offense Characteristics: +2 (§ 2B3.1(b)(1)); +3 (§ 2B3.1(b)(2)(E))

28         3.    Adjusted Offense Level:  25

PLEA AGREEMENT                          7

4.    Acceptance of Responsibility:  See paragraph III.B.2 above

5.    Criminal History:  The parties estimate that the defendant's criminal history category will be V.

6.    Sentencing Range: 77-96 months.  (The defendant understands that if the criminal history category differs from the parties' estimate, his Guidelines sentencing range may differ from that set forth here.)

The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).  The government reserves its right to oppose any such variance and agrees to recommend a sentence at the low end of the applicable guideline range, as determined by the Court.

## VII.    WAIVERS

### A.    Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B.    Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence.  The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum(s) for the offense(s) to which he is pleading guilty.  The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty.  The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C.    Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D.    Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty

1  regardless of any immigration consequences that his plea may entail, even if the consequence is his

2  automatic removal from the United States.

### VIII.    ENTIRE PLEA AGREEMENT

4        Other than this plea agreement, no agreement, understanding, promise, or condition between the

5  government and the defendant exists, nor will such agreement, understanding, promise, or condition

6  exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and

7  counsel for the United States.

### IX.    APPROVALS AND SIGNATURES

9      **A.    Defense Counsel.**

10       I have read this plea agreement and have discussed it fully with my client.  The plea agreement

11  accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to

12  plead guilty as set forth in this plea agreement.

13  Dated:  3/7/25

14  _____

    LINDA ~~ALLISON~~ Harter
    Attorney for Defendant

16      **B.    Defendant:**

17       I have read this plea agreement and carefully reviewed every part of it with my attorney.  I

18  understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully

19  understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my

20  case.  No other promises or inducements have been made to me, other than those contained in this plea

21  agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.

22  Finally, I am satisfied with the representation of my attorney in this case.

23  Dated:  3/7/25

    _____

24  WILLIAM CARL JACKSON
    Defendant

25      **C.    Attorney for United States:**

26       I accept and agree to this plea agreement on behalf of the government.

Dated:   3/7/25

PHILLIP A. TALBERT
United States Attorney

_____
ELLIOT C. WONG
Assistant United States Attorney

1

EXHIBIT "A"

2

Factual Basis for Plea(s)

3        JACKSON robbed postal carriers on July 11, 2024, and on July 31, 2024, in Sacramento, within
the State and Eastern District of California. Each time, he assaulted the postal carrier, a person having
4    lawful charge of mail matter and other property of the United States, and did so with the intent to rob the
postal carrier of his postal keys and by the use of a dangerous weapon.

5

6        JACKSON robbed the first postal carrier, PERSON 1, on July 11, 2024, at about 11:20 a.m.
PERSON 1 was delivering mail to a community mailbox in Sacramento. JACKSON approached
PERSON 1 and tried to forcibly remove the postal keys from PERSON 1's keyring, which was attached
7    to his belt. PERSON 1 told JACKSON to stop. In response, JACKSON displayed a black and tan fake
pistol from a shoulder-bag that he had strapped across his body. JACKSON ordered PERSON 1 to
8    "give them [the keys] to me and I won't hurt you." PERSON 1 complied. Once JACKSON had the
keys, he rode away on a bicycle. Later that day, at about 9:32 p.m., JACKSON advertised on Telegram
9    that he was selling postal keys from Sacramento.

10        JACKSON robbed the second postal carrier, PERSON 2, on July 31, 2024, at about 5:52 p.m.
PERSON 2 was delivering mail to an apartment complex in Sacramento. The location of the second
11    robbery was about three or four blocks away from the first. JACKSON opened the gate of the apartment
complex for PERSON 2 and guided him into the apartment complex. Once inside, JACKSON grabbed
12    PERSON 2 by the back of his shirt. JACKSON displayed a fake pistol from a shoulder-bag that he had
strapped across his body and ordered PERSON 2 to "hurry up and give me the keys." PERSON 2
13    complied. Once JACKSON had the keys, he rode away on a bicycle.

14                                         *****

15        I, William Carl Jackson, have carefully reviewed the above factual basis with my attorney. I
agree that all of the facts set forth herein are true and correct, and that I am guilty of the charged
16    offenses.

17

18

19    _____
WILLIAM CARL JACKSON
20    Defendant

21

22

23

24

25

26

27

28